UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW SALES,

    Plaintiff,

v.

JOHN URANKAR and GATEWAY
AUTOMOTIVE,

    Defendants.

Case No. 08-cv-884-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Andrew Sales's motion for leave to proceed *in forma pauperis* (Doc. 2), motion for service of process at government expense (Doc. 3) and motion for appointment of counsel.

### I. Motion for leave to proceed *in forma pauperis* (Doc. 2)

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Sales's affidavit that he is indigent. Furthermore, the Court does not believe that this action is frivolous or malicious. Therefore, the Court **GRANTS** the

motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 2).

II.     **Motion for service of process at government expense (Doc. 3)**

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States marshal or deputy marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3). Accordingly, the Court **GRANTS** the motion for service of process at government expense (Doc. 3) and **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

III.    **Motion for appointment of counsel (Doc. 4)**

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually

2

and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiffs literacy, communication skills, educational level, litigation experience, intellectual capacity, psychological history.. *Id.*

The plaintiff has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Furthermore, it appears that at this stage that the plaintiff is competent to conduct this litigation himself. The motion for appointment of counsel is **DENIED without prejudice**. (Doc. 3).

**IT IS SO ORDERED.**
**DATED: December 22, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**